| | |
|---|---|
| 1 | Caitlin W. Tran (SBN: 305626) |
| | CWTran@winston.com |
| 2 | WINSTON & STRAWN LLP |
| | 333 S. Grand Avenue |
| 3 | Los Angeles, CA 90071-1543 |
| | Telephone: (213) 615-1700 |
| 4 | Facsimile: (213) 615-1750 |
| 5 | Attorneys for Defendants |
| | TNC US HOLDINGS and |
| 6 | The Nielsen Company US LLC |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LIU, | Case No. 4:21-cv-07313-JSW |
| 304 S. Jones Blvd. #3165 Las Vegas, NV 89107 | **DECLARATION OF TRACY STAINES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, OR ALTERNATIVELY, TO TRANSFER VENUE** |
| Plaintiff, | |
| vs. | |
| TNC US HOLDINGS (The Nielsen Company US LLC) 85 Broad St. New York, NY 10004 | Date: February 11, 2022 |
| | Time: 9:00 am |
| Defendant. | Place: Courtroom 5-2nd Floor |
| | 1301 Clay Street |
| | Oakland, CA 94612 |
| | Complaint filed: September 20, 2021 |

DECLARATION OF TRACY STAINES

I, Tracy Staines, declare as follows:

1.  I am a Senior Vice-President, Human Resources at The Nielsen Company (US), LLC. I make this declaration in support of Defendants TNC US HOLDINGS and The Nielsen Company US LLC's ("Nielsen") (collectively, "Defendants") Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Venue. This declaration is based upon my personal knowledge and review of Defendants' business records kept in the regular course of business and, if called to testify, I could and would testify competently hereto.

2.  The Nielsen Company (US), LLC hired Plaintiff Frank Liu ("Plaintiff") as a Panel Membership Recruiter for the Las Vegas, Nevada area on January 11, 2016.

3.  On October 25, 2016, Liu transferred from Nevada to the Everett, Washington area, where he continued to work as a Panel Membership Recruiter.

4.  In July of 2017, Plaintiff transferred to the SWAT team. There are typically about 12 SWAT team members at any given time. These members do not have an assigned geographic market; rather, they are dispatched to different markets to help out with the signing of households based on business needs. Because of the transitory nature of the SWAT teams' assignment to any one market, Nielsen pays for expenses such as lodging, transportation, and food.

5.  When Plaintiff originally joined the SWAT team, his manager was Luke Berglin. During his employment with Nielsen, Berglin worked as a fully remote employee and never worked for Nielsen in California. In September 2018, Tanner Tate took over as the SWAT team manager. Tate works as a fully remote employee, but is based out of Nielsen's office in Tampa, Florida and has never worked for Nielsen in California.

6.  At the time his employment was terminated in April 2019, Plaintiff was dispatched to work in the Greater New York City market, which consists of parts of New York and New Jersey. During the relevant time period, Plaintiff was never

dispatched to work in the Northern District of California. For approximately two weeks, from September 4 to September 15, 2017, Plaintiff was dispatched to San Francisco, California.

7. Nielsen's most recent contact information for Plaintiff shows a mailing address of Las Vegas, Nevada.

8. On March 27, 2019, Plaintiff reported an injury to his ankle that first occurred when he stumbled while walking to a grocery store and was then reinjured while he was walking down steps while working in the New York metropolitan area. Plaintiff obtained a doctor's note from that stated: "If possible, accommodate the patient with jobs/locations that require less walking and travel." Because walking was a necessary part of Plaintiff's daily essential job duties, Nielsen sought clarification regarding what limitations needed to be placed on Plaintiff's walking and travel. None of these events or interactions took place in the Northern District of California.

9. For approximately six weeks, Nielsen's Human Resources, Nielsen's workers' compensation coordinator, and Sedgwick (Nielsen's third-party benefits provider) – none of whom are located in California – repeatedly asked Plaintiff to provide updated medical documentation, but Plaintiff refused. During this time, Plaintiff was staying at Hotel Indigo in the lower east side of New York. Plaintiff was ultimately terminated by phone by Shannon Buggy and me from the Tampa, Florida office on April 23, 2019, based on his repeated refusal to cooperate in a professional manner with routine requests for additional medical information. Plaintiff was paid until April 26, 2019, so that he could return company property and his rental car. Neither Plaintiff nor any of the individuals with whom he communicated resided or worked in the Northern District of California when these interactions occurred.

10. After Plaintiff's employment was terminated, he reported that he was discriminated against during his employment with Nielsen. Immediately upon learning of Plaintiff's allegations, Nielsen conducted a thorough investigation and

found his claims were not substantiated.

11. On September 25, 2019, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination with the Florida Commission on Human Relations Office of the alleging that he was discriminated against based on his race and disability and retaliated against for complaining about said discrimination, in violation of Title VII of the Civil Rights Act of 1964 as amended. Plaintiff did not file any administrative charges against Defendants in California. Plaintiff's EEOC charge is based on events that allegedly took place from April 23, 2019 (when Plaintiff's employment was terminated), to April 26, 2019 (the date through which Nielsen paid Plaintiff wages), when he was working in New York and the surrounding metropolitan area and interacting with Nielsen employees working, living, and based out of Florida. Nielsen vigorously disputed those charges and filed a position statement with the Florida Commission on Human Relations in opposition to Plaintiff's charges. On June 25, 2021, the EEOC issued a Dismissal and Notice of Rights, notifying Plaintiff that it would not proceed further with its investigation, it made no findings as to the merits of the charge, and that Plaintiff had 90 days within receipt of the letter to file a lawsuit.

12. Plaintiff filed the underlying Complaint on September 20, 2021 and served the Complaint on Defendants via email on December 10, 2021.

13. Plaintiff's Complaint identifies the following witnesses, none of whom reside or work in California:

- **David Kenny**: Mr. Kenny is the Chief Executive Officer at Nielsen. At the time of Plaintiff's termination, he worked out of Nielsen's headquarters in New York, New York. Based on his personnel records, he currently resides in Wellesley, Massachusetts.

- **Nancy Phillips**: Ms. Phillips is the former Chief Human Resources Officer at Nielsen. During her employment with Nielsen and at the time of Plaintiff's termination, she was based out of Nielsen's headquarters in New York, New York. Based on Nielsen's most recent contact information for Ms. Phillips, her last known address is in Greenwich, Connecticut.

- **Tracy Staines**: Ms. Staines is the Senior Vice President of Human

Resources. She works at Nielsen's field office in Tampa, Florida.

- **Sandee Crossley**: Ms. Crossley is the Director of Human Resources. She works at Nielsen's field office in Tampa, Florida.

- **Shannon Buggy**: Ms. Buggy is the former Senior Vice President of Global Human Resources at Nielsen. During her employment with Nielsen and at the time of Plaintiff's termination, she was based out of Nielsen's field office in Wilton, Connecticut.

- **Chris Gordon:** Mr. Gordon is a former Human Resources Business Partner at Nielsen. During his employment with Nielsen and at the time of Plaintiff's termination, he worked at Nielsen's field office in Tampa, Florida.

- **Tanner Tate**: Mr. Tate is a Special Operations Support Manager and was Plaintiff's manager at time of his termination. He is a fully remote employee, but is based out of Tampa, Florida. Based on his personnel records, he currently resides in Atlanta, Georgia.

- **Luke Berglin**: Mr. Berglin is a former SWAT Market Manager and was Plaintiff's former manager. At the time of Plaintiff's termination, he was a fully remote employee. Based on Nielsen's most recent contact information for Mr. Berglin, his last known address is in Green Bay, Wisconsin.

- **Tania Rosello**: Ms. Rosello is a Workers' Compensation Administrator at Nielsen. At the time of Plaintiff's termination, she worked at Nielsen's field office in Tampa, Florida.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed 1/3/2022, at Clearwater, Florida

_____
Tracy Staines