UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LIU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TNC US HOLDINGS,<br><br>　　　　　Defendant. | Case No. 21-cv-07313-JSW<br><br>**ORDER DENYING MOTION TO STRIKE AND PERMITTING PLAINTIFF TO FILE SUR-REPLY**<br><br>Re: Dkt. No. 45 |

In reply on Defendant's motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue, Defendant, for the first time, mentions that this Court could transfer venue to the District of New Jersey (instead of New York as previously argued).

Plaintiff moves to strike this part of Defendant's reply under Federal Rule of Civil Procedure 12(f). Under Rule 12(f), a party may seek to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dep't of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal quotation marks omitted).

1  "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

The Court does not exercise its discretion to strike the portion of Defendant's reply arguing that New Jersey may be a proper venue. However, the Court does find that Plaintiff should be permitted an opportunity to file a response to this new jurisdictional offer. Accordingly, the Court DENIES Plaintiff's motion to strike, but Plaintiff may file a sur-reply to the Defendant's motion to dismiss or transfer venue by no later than May 6, 2022.

**IT IS SO ORDERED.**

Dated: April 22, 2022

_____
JEFFREY S. WHITE
United States District Judge

2